# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. _____ |
| RUSSELL KIRK, BREAKING GATE, LLC, and OTTUMWA NORTHSHORE, LLC, | ) ) ) ) ) | **COMPLAINT** |
| Defendants. | ) ) ) ) | |

The United States of America, through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action commenced under sections 309(b) and 309(d) of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1319(b) and 1319(d), to obtain injunctive relief and civil penalties against Russell Kirk, Breaking Gate, LLC, and Ottumwa Northshore, LLC ("Defendants") for the discharge of pollutants into waters of the United States without authorization on property referred to herein as the "Site," located in Ottumwa, Wapello County, Iowa (Township 72, Range 14, Sections 14 and 23, Parcel Numbers 007414340011030, 007414330061000, and 007414330025000) in violation of Sections 301(a) and 404 of the CWA, 33 U.S.C. §§ 1311(a) and 1344. *See* Exhibit A (Aerial Photograph of Site).

2. In this action, the United States seeks: (1) to enjoin the discharge of pollutants into waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendants, pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), at their own expense and at the direction of the EPA, to restore and/or mitigate the damages caused by their unlawful activities; and (3) to require Defendants to pay civil penalties as provided in CWA sections 309(d), 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to CWA sections 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the Southern District of Iowa pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), 28 U.S.C. §§ 1391(b) and 1391(c), and 28 U.S.C. § 1395, because the Defendants reside in the District, conduct business in this District, the subject property is located in this District, and the cause of action alleged herein arose in this District.

## THE PARTIES

5. The Plaintiff in this action is the United States of America. Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

6. Defendant Russell Kirk is a private individual residing at 1671 South Milner Street, Ottumwa, Iowa 52501. The United States brings this action against Russell Kirk in his individual capacity and on the basis of his responsibility for and/or control over the performance of work resulting in the unpermitted discharge of dredged and/or fill material into waters of the United States on the Site. Russell Kirk owned the Site at the time the violations of the CWA alleged herein occurred. Further, Russell Kirk controls and/or directs the activities of business entities

and/or other individuals that operate at the Site. Russell Kirk is the sole member-manager of both Breaking Gate, LLC and Ottumwa Northshore, LLC, each of which currently own portions of the Site. Mr. Kirk has responsibility and authority to ensure that Breaking Gate, LLC and Ottumwa Northshore, LLC comply with the CWA.

7. Breaking Gate, LLC is a limited liability company registered with the State of Iowa in good standing with an address of: John R. Webber III, Registered Agent, 129 West 4th Street Ottumwa, Iowa 52501. Russell Kirk is the sole member-manager of Breaking Gate, LLC, and he transferred Parcel Number 007414340011030 to Breaking Gate, LLC on October 24, 2016. Russell Kirk's transfer of Parcel Number 007414340011030 to Breaking Gate, LLC, amounted to a transfer of his liability for the violations of the CWA alleged herein and effectively established Breaking Gate, LLC as Russell Kirk's successor. Therefore, Breaking Gate, LLC is liable for the United States' claims in this action. In addition, Breaking Gate, LLC is named as a party in this case under Federal Rule of Civil Procedure 19(a)(1)(B), based on its interest in the property on which the violations occurred.

8. Ottumwa Northshore, LLC is a limited liability company registered with the State of Iowa in good standing with an address of: John R. Webber III, Registered Agent, 129 West 4th Street Ottumwa, Iowa 52501. Russell Kirk is the sole member-manager of Ottumwa Northshore, LLC, and he transferred Parcel Numbers 007414330061000 and 007414330025000 to Ottumwa Northshore, LLC on October 24, 2016. Russell Kirk's transfer of Parcel Numbers 007414330061000 and 007414330025000 to Ottumwa Northshore, LLC, amounted to a transfer of his liability for the violations of the CWA alleged herein and effectively established Ottumwa Northshore, LLC as Russell Kirk's successor. Therefore, Ottumwa Northshore, LLC is liable for the United States' claims in this action. In addition, Ottumwa Northshore, LLC is named as a

party in this case under Federal Rule of Civil Procedure 19(a)(1)(B), based on its interest in the property on which the violations occurred.

9. At all times relevant to the Complaint, the Defendants owned, operated, or otherwise controlled the real property that is the subject of this Complaint, and/or otherwise controlled the activities that occurred on such property, including the discharges of pollutants into waters of the United States on such property.

## STATUTORY AND REGULATORY AUTHORITY

10. Sections 301(a) of the CWA, 33 U.S.C. §§ 1311(a) prohibits the discharge of pollutants, including dredged and fill material, into navigable waters except in compliance with, inter alia, a permit issued pursuant to CWA section 404, 33 U.S.C. § 1344.

11. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

12. CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include, inter alia, "any addition of any pollutant to navigable waters from any point source."

13. CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, inter alia, solid and industrial waste, discarded equipment, and rock.

14. CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States."

15. 40 C.F.R. §§ 230.3, 232.2 (1993) and 33 C.F.R. § 328.3 (1993) define "waters of the United States" to include, inter alia: (i) all waters which are currently used, were used in the past,

or may be susceptible to use in interstate or foreign commerce; (ii) tributaries to such waters; and (iii) wetlands adjacent to the foregoing waters.

16. 40 C.F.R. § 232.2 defines "discharge of fill material" as "the addition of fill material into waters of the United States."

17. 40 C.F.R. § 232.2 defines "fill material" as any material that "replac[es] any portion of a waters of the United States with dry land" or "chang[es] the bottom elevation of a water body for any purpose."

18. CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

19. CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include, <u>inter alia</u>, "an individual, corporation, partnership [or] association."

20. CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

21. CWA section 309(d), 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

## **GENERAL ALLEGATIONS**

22. The Des Moines River (the "River") is an interstate river which begins in Minnesota, crosses into northwest Iowa, and forms one of the largest navigable tributaries to the Mississippi River, at which the confluence of the two rivers forms a portion of the Iowa-Missouri border in the southeast of the State of Iowa. The River is used extensively for recreational purposes, including fishing and boating. Thus, the River is currently used, was used in the past, and is

susceptible to use in interstate or foreign commerce and, as such, is a "water of the United States" within the meaning of the CWA. The River also provides drinking water for the City of Ottumwa, Iowa.

23. At all times relevant to this action, Defendants owned, operated, or otherwise controlled the Site, which is located along a portion of the Des Moines River in Sections 14 and 23, Township 72 North, Range 14 West, in Wapello County, Iowa. The Site is approximately 1.4 miles upstream from the City of Ottumwa drinking water intake.

24. Beginning in the summer of 2013, the Defendants, and/or persons acting on their behalf, used earth moving equipment to discharge fill material along approximately 1,304 linear feet of the Des Moines River and approximately seven (7) acres of forested wetlands abutting the River.

25. On May 20, 2015, the Corps, Rock Island District, received notification from the Director of Public Works for the City of Ottumwa, Iowa, that Defendants were performing fill activities in and adjacent to the Des Moines River without required state and local permits.

26. On June 19, 2015, Corps personnel conducted a site visit at the Site. During the site visit, the Corps inspected the Site and documented that Defendants used earth moving equipment to discharge fill material comprised of concrete, rebar, roofing materials, asphalt, coal, brick, rock and gravel, and other materials into the Des Moines River and adjacent wetlands.

27. On August 19, 2015, Corps personnel conducted another site visit at the Site and confirmed the presence of wetlands and fill material impacting approximately seven (7) acres of wetlands that abut the Des Moines River.

28. The unauthorized fill activities were part of an effort by Defendants to create a campground which operates as Ottumwa Northshore, LLC and currently rents approximately 27 campground sites for the placement of recreational vehicles and/or tents.

29. The unauthorized activities on the Site at issue include, but are not limited to, the discharge of fill material into waters of the United States associated with an unauthorized bank stabilization project along approximately 1,304 linear feet of the Des Moines River.

30. Defendants are "persons" within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

31. The material discharged by Defendants constitutes "fill material" and their actions constitute "discharge of fill material" as those terms are defined in 40 C.F.R. § 232.2.

32. The fill materials discharged by the Defendants into the Des Moines River are "pollutants" within the meaning of Section 502(6) of the CWA, 33 U.S.C. § 1362(6).

33. The discharge of the fill material into the River constitutes the "discharge of a pollutant" within the meaning of Section 501(12) of the CWA, 33 U.S.C. § 1362(12).

34. The earth moving equipment used to place the fill material into the River constitute a "point source" within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

35. The Des Moines River and the abutting wetlands constitute "waters of the United States" within the meaning of the CWA and regulations promulgated thereunder. 40 C.F.R. §§ 230.3, 232.2 (1993); 33 C.F.R. § 328.3 (1993).

36. The Defendants did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers, for the discharges of fill material into waters of the United States at the Site, as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344, nor were the discharges authorized under any other provision of the CWA.

37.     The Defendants have allowed pollutants to remain in waters of the United States at the Site.

38.     Each day that fill material remains in place constitutes a separate violation of CWA section 301(a), 33 U.S.C. §1311(a).

39.     Unless enjoined, the Defendants are likely to continue to discharge fill material into and/or to allow fill material to remain in a water of the United States on the Site in violation of CWA section 301, 33 U.S.C. § 1311.

## CLAIM FOR RELIEF

### UNAUTHORIZED DISCHARGES OF DREDGED OR FILL MATERIAL

40.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 39.

41.     At various times between at least 2013 and July 2015, the Defendants, and/or persons acting on their behalf, discharged fill material from a point source into approximately 1,304 linear feet and seven (7) acres of waters of the United States on the Site without a permit or authorization under Section 404 of the CWA, 33 U.S.C. § 1344.

42.     All or substantially all areas to which Defendants discharged dredged or fill material at the Site are "waters of the United States" within the meaning of the CWA and its implementing regulations.

43.     Defendants do not have, and have never had, a permit issued under CWA section 404, 33 U.S.C. § 1344, authorizing the discharges of dredged or fill material at the Site as described in Paragraphs 25-29.

44.     The Defendants have violated and continue to violate CWA section 301(a), 33 U.S.C. § 1311(a), by their unauthorized discharges of fill material into waters of the United States.

45. Unless this Court compels Defendants to restore the waters of the United States to their pre-violation conditions, Defendants are likely to allow dredged or fill material to remain in waters of the United States in violation of CWA section 301, 33 U.S.C. § 1311.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

1. That Defendants be permanently enjoined from discharging or causing the discharge of fill material or other pollutants into any waters of the United States except in compliance with the CWA;

2. That Defendants be enjoined to undertake measures, at Defendants' own expense and at the direction of the EPA, to effect complete restoration of the Site, and/or to conduct compensatory mitigation for environmental damage, as appropriate;

3. That Defendants be assessed pursuant to CWA sections 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA section 301(a), 33 U.S.C. § 1311(a).

4. That the United States be awarded costs and disbursements in this action; and

5. That this Court grant Plaintiff, the United States of America, such other relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources
Division

Dated: October 30, 2018         */s/ Amy J. Dona*
                                AMY J. DONA
                                Environmental Defense Section

                U.S. Department of Justice
                P.O. Box 7611
                Washington, DC 20044
                (202) 514-0223

                MARC KRICKBAUM
                UNITED STATES ATTORNEY
                Southern District of Iowa

                WILLIAM C. PURDY
                Assistant United States Attorney
                Southern District of Iowa
                110 E. Court Ave.
                Des Moines, Iowa  50309
                (515) 573-9315

OF COUNSEL:

CHRIS MUEHLBERGER
Assistant Regional Counsel
United States Environmental Protection Agency
Office of Regional Counsel, Region 7
11201 Renner Boulevard
Lenexa, Kansas 66219
(913) 551-7623

MELISSA RAACK
Attorney-Advisor
United States Environmental Protection Agency
Office of Compliance and Enforcement Assurance
1200 Pennsylvania, Ave., NW
Washington, DC 20460
(202) 564-7039

